Julie R. Trotter, Bar No. 209675
  jtrotter@calljensen.com
Ryan M. McNamara, Bar No. 223606
  rmcnamara@calljensen.com
Michael S. Orr, Bar No. 196844
  msorr@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:  (949) 717-3100

Attorneys for Defendant SEJ Asset Management & Investment Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VOGEL,<br><br>   Plaintiff,<br><br>vs.<br><br>SEJ ASSET MANAGEMENT & INVESTMENT COMPANY,<br><br>   Defendant. | Case No.  8:17-cv-00569 DOC (RAOx)<br><br>**DEFENDANT SEJ ASSET MANAGEMENT & INVESTMENT COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently with the Statement of Uncontroverted Facts and Conclusions of Law; Declarations of Michael S. Orr and Scott White; and Proposed Order]*<br><br>Date:  February 26, 2018<br>Time:  8:30 a.m.<br>Ctrm:  9D<br><br>Complaint Filed:  March 29, 2017<br>Trial Date:          April 24, 2018 |

SEV06-32:2106498_1:1-26-18
DEFENDANT SEJ ASSET MANAGEMENT & INVESTMENT COMPANY'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................2

II. FACTUAL BACKGROUND..............................................................................2

III. SUMMARY JUDGMENT STANDARDS .........................................................3

IV. PLAINTIFF'S INJUNCTIVE CLAIMS UNDER THE ADA AND
HSC ARE MOOT AND MUST BE DISMISSED.............................................3

    A. Injunctive Relief Is The Only Remedy Available Under The
ADA And HSC................................................................................4

    B. The Barriers Alleged In The Complaint Are No Longer
Present At The Store........................................................................5

V. THE COURT SHOULD GRANT SUMMARY JUDGMENT OF
PLAINTIFF'S STATE LAW CLAIMS BECAUSE PLAINTIFF
CANNOT ESTABLISH HE ENCOUNTERED A BARRIER OR
THAT HE WAS DETERRED FROM VISITING OR
CONDUCTING BUSINESS IN THE STORE ..................................................6

VI. IF THE COURT DOES NOT GRANT FULL SUMMARY
JUDGMENT TO SEJ ON ALL CLAIMS, IT SHOULD
DECLINE TO EXERCISE JURISDICTION OVER
PLAINTIFF'S STATE LAW CLAIMS .............................................................7

VII. CONCLUSION ...................................................................................................8

# TABLE OF AUTHORITIES

Page

### Federal Cases

*Acri v. Varian Associates, Inc.*,
    114 F.3d 999 (9th Cir. 1997) ................................................................................ 7

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988) ............................................................................................ 7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................ 3

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) .............................................................................................. 4

*D'Lil v. Stardust Vacation Club*,
    2001 WL 1825832 (E.D. Cal. 2001) ................................................................... 4

*Executive Software N. Am., Inc. v. United States Court for Central*
    *District of Cal.*,
    24 F.3d 1545 (9th Cir. 1994) .............................................................................. 7

*Gini v. Las Vegas Metropolitan Police Dept.*,
    40 F.3d 1041 (9th Cir. 1994) .............................................................................. 7

*Griffin v. Dugger*,
    823 F.2d 1476 (11 Cir. 1987) ............................................................................. 5

*Louie v. BFS Retail & Commercial Operations, L.L.C.*,
    2008 WL 648458 (E.D. Cal. Feb. 28, 2008) ...................................................... 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................ 5

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
    475 U.S. 574 (1986) ............................................................................................ 3

# TABLE OF AUTHORITIES (cont'd)

Page

*Molski v. Mandarin Touch*,
 359 F.Supp. 2d 924 (C.D. Cal. 2005) ............................................................... 7

*Oliver v. Ralphs Grocery Co.*,
 654 F.3d 903 (9th Cir. 2011) .............................................................................. 5

*Parr v. L & L Drive-Inn Restaurant*,
 96 F.Supp. 2d 1065 (2000) ................................................................................ 4

*Sanford v. Del Taco, Inc.*,
 2006 WL 1310318 (E.D. Cal. May 12, 2006) .................................................... 8

*Wander v. Kaus*,
 304 F.3d 856 (9th Cir. 2002) .............................................................................. 8

State Cases

*Reycraft v. Lee*,
 (2009) 177 Cal. App. 4th 1211 .......................................................................... 6

Federal Statutes

28 U.S.C. § 1367(c) ................................................................................................ 7

42 U.S.C. § 12188(a) .............................................................................................. 4

48 U.S.C. § 12182(b)(2)(A)(iv) .............................................................................. 4

State Statutes

Cal. Civ. Code § 52(a) ............................................................................................ 6

Cal. Civ. Code § 54.3(a) ......................................................................................... 6

Cal. Civ. Code § 55.56 ........................................................................................... 6

Cal. Health & Safety Code § 19953 ................................................................... 3, 4

# TABLE OF AUTHORITIES (cont'd)

<u>Page</u>

### Federal Rules

Fed. R. Civ. Proc. § 56 ................................................................................................. 1

Fed. R. Civ. Proc. § 56(c) ............................................................................................. 3

Fed. R. Civ. Proc. § 56(e) ............................................................................................. 3

**PLEASE TAKE NOTICE** that on February 26, 2018 at 8:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, before the Honorable David O. Carter in Courtroom 9D, located at 411 West Fourth Street, Santa Ana, California, Defendant SEJ Asset Management & Investment Company will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 56, for an order granting summary judgment, or in the alternative, partial summary judgment, against Plaintiff Martin Vogel's ("Plaintiff" or "Vogel") Complaint.

GROUNDS FOR MOTION: This motion is made on the grounds that Plaintiff's injunctive claims are moot as the barriers alleged no longer exist at the property. In addition, Plaintiff lacks standing because the barriers alleged did not impact Plaintiff's particular condition, he was never deterred from visiting the property, and he cannot establish damages.

BASIS OF MOTION: This motion is based on this Notice of Motion and Motion, the Points and Authorities submitted herein, the declarations submitted concurrently with this Motion, and such further arguments and papers that may be presented to the Court before or during the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 9, 2018.

Dated: January 26, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ryan M. McNamara
Michael S. Orr


By: */s/ Michael S. Orr*
     Michael S. Orr

Attorneys for Defendant SEJ Asset Management & Investment Company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff Martin Vogel ("Plaintiff" or "Vogel") seeks an injunction, damages, and attorney's fees in connection with purported access barriers that are no longer present at the property at issue. However, not only are his injunctive claims moot, but the purported barriers never impacted his ability to access or use the goods and services offered at the location. Because they are moot, Plaintiff's injunctive claims should be dismissed and Defendant SEJ Asset Management & Investment Company ("Defendant" or "SEJ") should be granted summary judgment on, or the Court should decline to exercise supplemental jurisdiction over, Plaintiff's state law damage claims.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint alleges 5 barriers at the 7-Eleven store located at 10545 Slater Avenue, Fountain Valley, California (the "Store"). The barriers alleged are: (1) The signage at the disabled parking space is incorrect; (2) The disabled parking space has slopes and/or cross slopes that are too steep; (3) There is no space designated as van accessible; (4) The access aisle has slopes and/or cross slopes that are too steep; and (5) there is no International Symbol of Accessibility ("ISA") mounted at the front entrance. (Uncontroverted Material Fact "UMF" #1) Each of these alleged barriers have been addressed by Defendant and are not currently present at the Store. (UMF #2) In addition, at deposition, Plaintiff admitted that he has never attempted to park his vehicle in the accessible stall at the Store and that none of these alleged barriers impacted his ability to access the goods and services offered. (UMF #3)

///
///
///

## III. SUMMARY JUDGMENT STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id*. at 322. The party opposing a motion for summary judgment may not simply generally deny the moving party's allegations. Rather, it must designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). The non-moving party must show more than a "metaphysical doubt" as to the material facts. *Id*. (Citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986).) Here, the undisputed facts demonstrate Plaintiff's federal and state injunctive claims are moot and, further, that he cannot establish his state law claims for damages.

## IV. PLAINTIFF'S INJUNCTIVE CLAIMS UNDER THE ADA AND HSC ARE MOOT AND MUST BE DISMISSED

The exclusive remedy for a private right of action under both the ADA and California Health & Safety Code section 19953 is injunctive relief. However, an injunction is not available where the relief sought has already been obtained. Here, Plaintiff's claims against SEJ are moot because there is nothing to enjoin. There is no dispute, nor can there be, that the technical barriers alleged in the Complaint are not currently present at the Store. (UMF #2)

///

///

### A. Injunctive Relief Is The Only Remedy Available Under The ADA And HSC

Injunctive relief is the only remedy available to a private individual under the ADA. *See* 42 U.S.C. §12188(a); *see also Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp. 2d 1065, 1086 (2000) ("injunctive relief is an available remedy for violations of [48 U.S.C.] section 12182(b)(2)(A)(iv)"). If no architectural barriers exist at the time the court is asked to provide relief, the ADA claim is moot because there is nothing for the court to order the facility to do. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). As illustrated by the *Parr* court,

> [i]f an ADA 'plaintiff[ ] [has] already . . . received everything to which [he] would have been entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that [this] plaintiff will again be subjected to the same wrongful conduct by this defendant.'

*Parr*, 96 F. Supp. 2d at 1087 (citation omitted); *see also Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, adverse effects.") Thus, if barriers do not exist during the entire course of the litigation, the ADA claim is moot and the Court lacks subject matter jurisdiction.

Like the ADA, injunctive relief is the only remedy available to a plaintiff under California's Health & Safety Code. *See id.* at §19953 ("[a]ny person who is aggrieved or potentially aggrieved by a violation of this part . . . may bring an action to enjoin the violation."). Also, like the ADA, an HSC claim must be dismissed on grounds of mootness if the violation in question has been remedied. *See e.g., D'Lil v. Stardust Vacation Club*, 2001 WL 1825832 (E.D. Cal. 2001).

## B. The Barriers Alleged In The Complaint Are No Longer Present At The Store

SEJ's tenant at the property employed a contractor to perform ADA upgrades to the property. (UMF #4) This contractor hired a California Certified Access Specialist ("CASp") to inspect the property and provide plans for remediating identified access barriers at the property. (UMF #5) The contractor submitted the CASp plans to the local building authority for approval and, upon obtaining appropriate building permits, performed the work recommended by the access specialist and obtained the local building authorities' approval of the work upon completion. (UMF ##6 & 7) In connection with the work, the alleged sloping issues associated with the accessible stall and access aisle were removed, appropriate van accessible signage was installed, and an ISA was added to the front entrance. (UMF #8) As a result, none of the barriers alleged in the Complaint are present at the Store and there is simply nothing to enjoin. Plaintiff's injunctive claims should be dismissed.

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Absent such demonstration, Plaintiff cannot satisfy the "case or controversy" requirement of Article III of the Constitution and the Court is "powerless to hear his grievance." *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11 Cir. 1987). "The 'irreducible constitutional minimum of standing' includes three elements: (1) injury in fact; (2) causation; and (3) redressability. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 907 (9th Cir. 2011). Plaintiff cannot establish any of these elements.

/ / /

/ / /

/ / /

## V. THE COURT SHOULD GRANT SUMMARY JUDGMENT OF PLAINTIFF'S STATE LAW CLAIMS BECAUSE PLAINTIFF CANNOT ESTABLISH HE ENCOUNTERED A BARRIER OR THAT HE WAS DETERRED FROM VISITING OR CONDUCTING BUSINESS IN THE STORE

In addition to injunctive claims, Plaintiff seeks recovery of statutory damages under California state law. However, Plaintiff's claims lack merit as established by his own deposition testimony. Plaintiff cannot establish that he encountered a barrier that impacted his visit or that he was deterred from visiting the Store due to an actionable barrier – each is a prerequisite for prevailing on his claims.

Recognizing a need to "improve compliance with access laws while protecting businesses from abusive access litigation," the California legislature enacted Civil Code section 55.56 placing standing requirements on plaintiffs seeking statutory damages based on accessibility claims against places of public accommodation. (*See Reycraft v. Lee*, (2009) 177 Cal. App. 4th 1211 1227, n.5.) Under the enactment, statutory damages are available under Civil Code sections 52(a) or 54.3(a) **only**, "if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). Thus, Plaintiff must prove the violation of a relevant construction standard at the Store and that he personally experienced difficulty, discomfort, or embarrassment due to the violation, or that he had knowledge of the violation and it would have actually prevented his access to the Store. *Id.* § 55.56(c) & (d). Here, Plaintiff admits the alleged barriers did not impact his ability to utilize the goods and services offered at the Store and that he was never deterred from visiting the Store (UMF #3). As a result, Plaintiff has no viable damage claim under California law and SEJ is entitled to summary judgment as a matter of law.

## VI. IF THE COURT DOES NOT GRANT FULL SUMMARY JUDGMENT TO SEJ ON ALL CLAIMS, IT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

As noted in 28 U.S.C. Section 1367(c), District Courts should decline to exercise supplemental jurisdiction over state law claims after dismissing the federal claim. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Because primary responsibility for developing and applying state law rests with state courts, district courts should usually decline to exercise supplemental jurisdiction over state law claims when all federal claims are dismissed before trial. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994).

Here, the fact that the state law claims raise novel and complex state law issues is an even more compelling reason the Court should decline to exercise supplemental jurisdiction. *See Molski v. Mandarin Touch*, 359 F.Supp. 2d 924 (C.D. Cal. 2005). In *Mandarin* Touch*, the court declined to exercise supplemental jurisdiction over the plaintiff's claims brought under the Unruh Civil Rights Act for violation of state disability laws. *Id.* at 936. The court in *Mandarin Touch* cites several rationales for its decision. First, the court noted that the state law claims raise novel and complex issues of law, including the proper measure of damages under state disability statutes. *Id.* at 936. Second, the court concluded that the state law claims "substantially predominate" over the remedy sought through the federal claims. *Id.* at 937. Finally, the court held that principles of comity strongly favor dismissing the state law claims. *Id.* (citing *Executive Software N. Am., Inc. v. United States Court for Central District of Cal.*, 24 F.3d 1545, 1553 (9th Cir. 1994) ("When novel issues of state law are presented, though, considerations of judicial economy are not determinative.")).

Indeed, like the plaintiff in *Mandarin Touch*, all but one of Plaintiff's claims is brought under state law. Moreover, Plaintiff's state law claims allow for both

injunctive relief and damages. Thus, each of the factors discussed by *Mandarin Touch* support the dismissal of Plaintiff's state law claims. *See Louie v. BFS Retail & Commercial Operations, L.L.C.,* 2008 WL 648458, * 3-4 (E.D. Cal. Feb. 28, 2008) (refusing to exercise supplemental jurisdiction over state claims and rejecting "preemption" argument, finding that "there remains "no federal-question jurisdiction over a lawsuit for damages brought under California's [statutes], even though the California statute[s] make[ ] a violation of the [ADA] a violation of state law.") (citing *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002); *Sanford v. Del Taco, Inc.*, 2006 WL 1310318, * 4 (E.D. Cal. May 12, 2006) ("remaining state law claims raise novel and complex issues of state law.").

## VII. CONCLUSION

The uncontroverted evidence demonstrates that Plaintiff has no standing to bring the claims alleged. Plaintiff did not encounter any barrier that caused him injury and he has never been deterred from visiting the store. In addition, to the extent the alleged barriers were present during Plaintiff's purported visit, they are no longer there and Plaintiff's claims are moot. As a result, Plaintiff's Complaint should be dismissed and SEJ should be granted summary judgment.

Dated: January 26, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Ryan M. McNamara
Michael S. Orr


By: */s/ Michael S. Orr*
     Michael S. Orr

Attorneys for Defendant SEJ Asset Management & Investment Company